**McMILLION & HIRTENSTEINER, LLP**
Janine S. McMillion (SBN 195036)
16835 Algonquin, Suite 303
Huntington Beach, CA 92649
Telephone: (714) 642-1312
Telecopier: (866) 707-0282

Attorneys for Defendants,
S.B. RESTAURANT, CO.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO RAMIREZ, an individual,<br><br>                Plaintiff,<br><br>vs.<br><br>S.B. RESTAURANT Co., a<br>California corporation;<br>and DOES 1 through 100, inclusive.<br><br>                Defendants. | Case No.: C08-00099 MEJ<br><br>**DEFENDANT S.B. RESTAURANT CO.'S NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFF TO SUBMIT MATTER TO BINDING ARBITRATION AND TO STAY JUDICIAL PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MARILYN WINEMAN AND JANINE S. McMILLION AND ATTACHED EXHIBITS**<br><br>Discovery cutoff: None<br>Motion cutoff: None<br>Trial: None<br><br>*[Complaint Filed: Date January 7, 2008]* |

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on April 17, 2008, or as soon thereafter   at 10 this

matter may be heard, in Courtroom B, 15th Floor of the above-entitled court, located at 450

,
-1-

1   Golden Gate Avenue, San Francisco, California, 94102 , Defendant S.B. Restaurant Co.,

2   hereinafter "S.B. Restaurant," will and hereby does move this court, pursuant the Federal

3   Arbitration Act and Code of Civil Procedure sections 1281.2 and 1281.4, for an order compelling

4   arbitration of each and every one of Julio Ramirez' ("Plaintiff") claims against Defendant, and

5   staying this action, pending the outcome of arbitration. Defendant makes this motion on the

6   grounds that Plaintiff executed an Arbitration Agreement, by which he agreed to arbitrate all

7

8   claims – including those he now asserts in this matter.

9           This motion is based upon this Notice of Motion, the attached Memorandum of Points and

10  Authorities, the Declarations of Marilyn Wineman and Janine S. McMillion, and all exhibits

11  attached hereto, the pleadings and papers on file herein, and such other matters as may properly

12  come to the attention of the court.

13

14

15  Dated: March 10, 2008                               **MCMILLION & HIRTENSTEINER LLP**

16

17                                                      By: _____
                                                        Janine S. McMillion, Esq.
18                                                      Attorneys for Defendant(s)
                                                        S.B. Restaurant Co.
19

20

21

22

23

24

25

26

27

28

DEFENDANT S.B. RESTAURANT, CO.'S MOTION TO COMPEL PLAINTIFF TO SUBMIT MATTER TO
BINDING ARBITRATION AND TO STAY JUDICIAL PROCEEDINGS

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.   INTRODUCTION**

     This is an employment case that the court should send to contractual arbitration, pursuant to a written agreement between Plaintiff and a former employer, S.B. Restaurant Co.  Plaintiff signed an Arbitration Agreement with S.B. Restaurant on August 22, 2005, when he commenced working for the restaurant.  The incident matter arises from Plaintiff's employment with S.B. Restaurant.  Plaintiff, on his first day of work, acknowledged and signed the "Arbitration Agreement."  This agreement to arbitrate claims covers all of Plaintiff's claims alleged in his Complaint, and requires that all of Plaintiff's claims be decided by a neutral arbitrator.

     Because Plaintiff's claims are precisely the type of claim that Plaintiff and S.B. Restaurant agreed to arbitrate, Plaintiff should have submitted his claims to arbitration, rather than filing the instant action.  Given the clear and unambiguous language of the Arbitration Agreement that Plaintiff executed, Plaintiff should be held to his agreement, and should be compelled to bring these claims in arbitration.

**II.    STATEMENT OF FACTS**

     S.B. Restaurant owns and operates the exclusive Elephant Bar Restaurant located in California, Arizona, Colorado, Kansas, Missouri, Nevada, New Mexico, Ohio, Florida and Oklahoma, with executive offices located in La Mirada, California.  Plaintiff was employed at the Elephant Bar at its Burlingame location in Northern California.  Plaintiff was initially hired as an Assistant Kitchen Manager and was ultimately promoted to Kitchen Manager.

     Plaintiff was terminated in April, 2007 for poor performance.  Plaintiff subsequently filed his lawsuit on January 7, 2008, alleging violations of the California Labor Code and The Fair Labor Standards Act.  All of Plaintiff's claims are subject to Elephant Bar's Arbitration Agreement ("Arbitration Agreement"), which Plaintiff acknowledged at the commencement of

-3-

1   his employment on August 22, 2005. (Wineman Declaration, Exhibit B.) The court should,

2   therefore, compel Plaintiff to proceed, as he agreed, through arbitration, rather than litigation.

3       Despite Elephant Bar's efforts to secure Plaintiff's voluntary compliance with his express

4   agreement to arbitrate, Plaintiff refuses to adhere to that agreement. S.B. Restaurant, therefore,

5   has no choice but to move this court pursuant to the Federal Arbitration Act, 9 U.S.C. section 1 et.

6   seq. and sections 1281.2 and 1281.4 of the California Code of Civil Procedure, to compel

7   arbitration of Plaintiff's employment dispute, and to stay the instant action, pending a ruling on

8   this motion, and completion of the agreed-upon arbitration. The Arbitration Agreement at issue

9   here is straightforward and fair; it is not unconscionable. Consistent with the strong statutory and

10  public policy requirements that arbitration agreements be in force, the court should honor the

11  Arbitration Agreement entered into between the parties.

12

13

14      **A.    Plaintiff acknowledged his obligation to arbitrate when he**
            **applied for Employment.**

15

16      On August 22, 2005, Plaintiff and S.B. Restaurant entered into an Arbitration Agreement

17  (the "Agreement"). (Wineman Declaration, Exhibits "A" and "B".) The Agreement provides as

18  follows:

19          In the event of any dispute arising under or involving any provision
            of this Agreement, or any dispute regarding an Employee's
20          (hereinafter referred to as "Employee"), employment with the
            Elephant Bar Restaurant (hereinafter referred to as the "Company"),
21          claims involving unlawful discrimination and/or unlawful
            harassment not arising out of the termination of employment (with
22          the exception of claims arising out of discrimination, claims for
            worker's compensation, unemployment insurance, and any wage
23          and hour matter within the jurisdiction of the California Labor
            Commissioner), Employee and the Company agree to submit any
24          such dispute to binding arbitration ....

25

26      The Arbitration Agreement contains sufficient language to provide complete fairness for

27  Plaintiff. It conforms to the requirements of the California and Federal laws to be even-handed,

28

-4-

1  legitimate, and enforceable commitment to arbitrate.

2      By signing the Agreement, Plaintiff expressly agreed to arbitrate disputes like the ones he

3  now raises before this court.

4      **B.    Plaintiff must submit his claim to arbitration.**

5

6      Under the California Arbitration Act, California Code of Civil Procedure section 1280, et

7  seq., "[a] written agreement to submit to arbitration an existing controversy, or a controversy

8  thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the

9  revocation of any contract." C.C.P. section 1281. Where two parties have entered a written

10 agreement to arbitrate a controversy, and one subsequently refuses to arbitrate such controversy,

11 upon petition or motion, "the court **shall** order [the parties] to arbitrate the controversy" absent

12 waiver or grounds for revocation of the agreement. C.C.P. section 1281.2 (emphasis added).

13 Thus, the issue in this motion is whether the Arbitration Agreement to which Plaintiff agreed is

14

15 enforceable. The relevant facts and law reveal that it is.

16      **1.    California law recognizes a strong public policy favoring alternative
              dispute resolution and agreements to submit claims to arbitration.**

17

18      California law is clear that an employer and an employee may contractually agree to

19 submit claims arising out of the employment relationship to arbitration. *See, e.g., Armendariz* v.

20 *Foundation Health Site Care Serve,* 24 Cal.4th 83, 97 (2000) ("California law, like federal law,

21 favors enforcement of valid arbitration agreements."); *see also, Brookwood* v. *Bank of America,*

22 45 Cal.App.4th 1667, 1673-74 (1996) (affirming Defendant's motion to compel arbitration of

23

24 employment disputes, despite Plaintiff's assertion of unilateral ignorance of contractual terms);

25 *Cione* v. *Forester's Equity Servs., Inc.,* 58 Cal.App.4th 625, 636-40 (1997) (directing trial court to

26 enter a new order, granting the employer's motion to compel arbitration and stay employee's

27 lawsuits for wrongful termination, even if the employee signs a subsequent employment contract

28
                                        -5-

that omits the previously agreed-to arbitration requirements).  Indeed, it is well-established law

that "California law ... reflects a strong public policy favoring contractual arbitration as an

expeditious and economical means of dispute resolution."  *Lee* v. *Technology Integration Group*,

69 Cal.App.4th 1549, 1556 (1999) (reversing a trial court order denying a petition to compel

arbitration).

Federal law also reflects a strong public policy in favor of arbitration and the enforcement

of contractual agreements.  In 1947, Congress enacted the Federal Arbitration Act, 9 USC section

1, et seq. ("FAA").  In enacting section 2 of the FAA, Congress declared a national policy

favoring arbitration, and withdrew the power of the states to require a judicial form for the

resolution of claims which the contracting parties agreed to resolve by arbitration."  *Spellman* v.

*Securities, Annuities and INS, Servs., Inc.*, 8 Cal.App.4th 452, 458-59 (1992), (citations and

internal quotations omitted).  Recently, in *Circuit City Stores, Inc.* v. *Adams*, 532 US 105, 121

(2001).  The United States Supreme Court affirmed that the provisions of the FAA reach

contracts of employment, and thus, in effect, preempt "those statement employment laws which

restrict or limit the ability of employees and employers to enter into an arbitration agreement."

**C.     The Arbitration Agreement is valid and enforceable.**

In the leading case on the validity of pre-employment arbitration agreements, the

California Supreme Court confirmed the enforceability of such agreements, provided certain,

basic substantive requirements are met.  *Armendariz* v. *Foundation of Health Site Care Services,

Inc.*, (2000) 24 Cal.4th 83.  Indeed, the California Supreme Court went so far as to suggest that, so

long as the substantive requirements are satisfied, an arbitration agreement should be upheld as

valid and enforceable – even if the agreement is procedurally unconscionable.  *Armendariz,

supra*, 24 Cal.4th at 114.

The substantive requirement articulated by the California Supreme Court in *Armendariz,*

-6-

1  *supra*, are:

2    (i)    The agreement must not limit employee's statutorily imposed remedies, such as
3           punitive damages and attorney's fees;

4    (ii)   The agreement must allow employees discovery sufficient to adequately arbitrate
           the statutory claim, including access to essential documents and witnesses, as
5           determined by the arbitrator(s), and subject to limited judicial review pursuant to
           Code of Civil Procedure section 1286.2;
6

7    (iii)  The agreement may not preclude an arbitrator from  issuing a
           written decision that will reveal, however briefly, the essential
8           findings and conclusions on which the award is based;

9    (iv)   The agreement may not generally require the employee to bear any
           type of expense that he or she would not be required to bear if he or
10          she were free to bring the action in court; and

11   (v)    The agreement must impose a "modicum of  bilaterality" requiring
           the arbitration of all claims, whethis by or against the
12          employer, except whise justified by "business reality."

13   *Armendariz, supra*, 24 Cal.4th at 99-113.

14       The court further held that unless the agreement contains multiple unlawful provisions,

15   any offensive provisions should be severed, and the remaining provisions enforced. *Armendariz,*

16   *supra*, 24 Cal.4th at 121-127. "If the central purpose for the contract is tainted with illegality, then

17   the contract as a whole cannot be enforced.  If the illegality is collateral to the main purpose of

18   the contract, and the illegal provision can be extricated from the contract by means of severance

19   or restriction, then such severance and restriction are appropriate." *Armendariz, supra*, 24 Cal.4th

20   at 124.

21

22       Finally, the Agreement contains more than a "modicum of bilaterality" in that it

23   provides for the mutual selection of a neutral arbitrator, and applies equally to both parties.

24   Because the Agreement is valid, fair and enforceable, SB Restaurant's Motion to Compel

25   Arbitration and Dismiss or Stay Litigation should be granted.

26

27

28

DEFENDANT S.B. RESTAURANT, CO.'S MOTION  TO COMPEL PLAINTIFF TO SUBMIT MATTER TO
BINDING ARBITRATION AND TO STAY JUDICIAL PROCEEDINGS

**D.**    **This Court should order arbitration because all of Plaintiff's claims fall squarely within the scope of the Arbitration Agreement.**

If a claim is not exempt from mandatory arbitration (here, Plaintiff's claims clearly are not) and, if the parties have executed a valid arbitration agreement (as they have here), then a court will enforce the arbitration agreement, and compel the parties to arbitration if the statutory claim falls within the scope of that agreement. *Armendariz, supra*, 24 Cal.4th at 84.  Here, the arbitration clause is unambiguous and clear.

**III.    CONCLUSION**

Based upon the foregoing, S.B. Restaurant respectfully requests this court to order the parties to arbitration.

Dated:   March 10, 2007

MCMILLION & HIRTENSTEINER, LLP

By _____
Janine S. McMillion, Esq.
Attorneys for Defendant
S.B. Restaurant Co.

-8-

# DECLARATION OF MARILYN WINEMAN

I, Marilyn Wineman, declare as follows:

1.      I have personal knowledge of the facts set forth herein, and if called as a witness, would and could testify thereto.  I made this Declaration in support of Defendant S.B. Restaurant Co.'s Motion to Compel Plaintiff Julio Ramirez ("Plaintiff") to submit this matter to binding arbitration, and to stay judicial proceedings in the above-captioned action.

2.      I am the Senior Vice President of Human Resources for S.B. Restaurant Co.  In my capacity as Vice President, I have access to the files, including the personnel file of the Plaintiff in this case.  The information provided in this Declaration is based upon my review of the files that I keep in the ordinary course of business.

3.      All of the Arbitration Agreements are provided to the employees in their personnel handbooks.  A copy of the Arbitration Agreement maintained in the Manual given to employees in 2005 is attached as Exhibit "A".

4.      In addition to the Arbitration Agreement, I have also discovered in Plaintiff's personnel file, an acknowledgment of policies, which concluded that he had read, understood, and agreed to comply fully with the Arbitration Agreement contained in the Manual, signed on or about August 22, 2005.  A true and correct copy is attached as Exhibit "B".

Dated:

Marilyn Wineman, Declarant

DEFENDANT S.B. RESTAURANT, CO.'S MOTION  TO COMPEL PLAINTIFF TO SUBMIT MATTER TO BINDING ARBITRATION AND TO STAY JUDICIAL PROCEEDINGS

# EXHIBIT A

accurate. But it's not the final word! If you feel there's a perceived inconsistency, omission, or error in the Handbook, we will rely on the language in our Benefit Plans and other definitive documents.

**Things Can Change** – The Company reserves the right to improve, modify or eliminate any of the wage, hour and work conditions, including the benefits, policies and rules set forth in this Handbook at any time with or without notice, unless specifically stated herein.  When changes are made, the Company will attempt to notify the affected employees.

**It's Not A Contract** – Any and all benefits, policies and procedures are statements of general policy and to the contrary are not a contract or guarantee of employment for any specified period of time with the Company.  Any reliance on this Handbook's policies and procedural provisions by any employee to create any contractual rights for employment or any employment related to matters for any specified period of time is contrary and unreasonable under the law.

If you have any questions, do not hesitate to ask your supervisor, who is here to help you.

## Arbitration Agreements

In the event of any dispute arising under or involving any provision of this Agreement or any dispute regarding an employee's (hereinafter referred to as "employee") employment with The Elephant Bar Restaurant (hereinafter referred to as "the Company"), claims involving unlawful discrimination and/or unlawful harassment, not arising out of the termination of employment, or the termination of employment (with the exception of claims rising out of discrimination, claims for workers' compensation, unemployment insurance and any wage and hour matter within the jurisdiction of the California Labor Commissioner), employee and the Company agree to submit any such dispute to binding arbitration pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. section 1, et seq., if applicable, or the provisions of Title 9 of Part III of the California Code of Civil Procedure, commencing at Section 1280 et seq. (or any successor or replacement statutes) if the Federal Arbitration Act does not apply to employee's employment, within one year of the date the dispute first arose, or within one year of the termination of employment, whichever occurs first; provided, however,  that if the employee's claim arises under a statute providing for a longer time to file a claim, that statute shall govern.

A party with a claim (either "employee" or "the Company") must give written notice of any claim to the other party no later than the expiration of the statute of limitations that the law prescribes for the claim.  Otherwise, the claim shall be void and considered waived.  The injured party is encouraged to give written notice of any claim as soon as possible after the event(s) in dispute so that arbitration of any differences may take place promptly.  Written notice to the Company shall be sent to the attention of the VP of Human Resources at 14241 Firestone Blvd. Suite 315, La Mirada, California 90638.  The written notice shall identify and describe the

nature of all claims asserted, the facts upon which such claims are based and the relief or remedy sought. The notice shall be sent to the other party by certified or registered mail, return receipt requested.

Any arbitration conducted to this Agreement shall be held in California at a location mutually convenient to the employee and the Company. Any arbitration conducted pursuant to this Agreement shall be in accordance with the then-current employment arbitration rules of procedures of the American Arbitration Association (AAA) except to the extent such rules conflict with the procedures set forth herein; provided, however, that Employee's share of the arbitrator's fee and the AAA filing fee shall be no more than the then current filing fee in the California Superior Court or the equivalent state court in the event the arbitration is filed outside California. Employee and the Company shall each bear their own costs relating to the arbitration.

Each party shall have the right to take the deposition of one individual and any expert witness designated by another party. Each party also shall have the right to make requests for production of documents to any party and to subpoena documents from third parties. Requests for additional discovery may be made to the Arbitrator selected pursuant to this Agreement. The Arbitrator shall grant an order for such requested additional discovery that the Arbitrator finds the party requires to adequately arbitrate a claim, including access to essential documents and witnesses. In evaluating such requests, the Arbitrator shall take into account the parties' mutual desire to have a fast, cost-effective dispute resolution mechanism.

Following a hearing conducted by the arbitrator, in a manner to be determined as mutually agreed to by the parties and/or by the arbitrator, the arbitrator shall issue a written opinion and award, which shall be signed and dated. The arbitrator's opinion and award shall decide all issues submitted and shall set forth the legal principles supporting each part of the opinion. The arbitrator shall be permitted to award only those remedies in law or equity which are requested by the parties and which the arbitrator determines to be supported by the credible, relevant evidence.

Employee and the Company agree that arbitration shall be the exclusive forum for resolving all disputes arising out of or involving the employee's employment with the Company or the termination of that employment (with the exception of claims rising out of discrimination, claims for workers' compensation, unemployment insurance and any wage and hour matter within the jurisdiction of the California Labor Commissioner); provided, however, that either party may file a request with a

court of competent jurisdiction for equitable relief, including but not limited to injunctive relief, pending resolution of any dispute through the arbitration procedure set forth herein

Nothing in this agreement shall be construed as precluding any employee from filing a charge or complaint with the Equal Employment Opportunity Commission (EEOC), the National Labor Relations Board (NLRB) or any other similar state or federal agency seeking administrative resolution of a dispute or claim.

Except in claims made under the Fair Employment and Housing Act (FEHA), the employee and the Company shall bear their own costs for legal representation. The employee and the Company hereby agree that nothing contained herein shall preclude either party from obtaining injunctive or other equitable relief to restrain violations of this agreement or applicable law or to preserve the status quo pending the arbitration of any disputes subject to this section.

Nothing contained herein shall be deemed to alter or modify the Company's policy of at-will employment. Employment at the company is at-will and can be terminated by either the employee or the company at any time, with or without cause or notice.

The employee and the Company hereby agree that this section shall survive the termination of the employee's employment and shall survive the termination and/or expiration of this Agreement.

# EXHIBIT B



### *Acknowledgment of Policies*

I have received and read a copy of the Elephant Bar Restaurant's employee handbook dated 5/05. I understand and agree that it is my responsibility to familiarize myself and comply with the policies and procedures contained in the handbook. I also understand that I am encouraged to ask management personnel any questions I may have pertaining to these policies and procedures. I further understand that a copy of this handbook is kept in the manager's office at all times and is available for reading, if I would like to do so for any reason.

I understand that except for employment at-will status, any and all policies or practices can be changed at any time by the Company. The Company reserves the right to change my hours, wages and working conditions at any time. I understand and agree, that other than the president of the Company, no manager, supervisor or representative of the Company has authority to enter into any agreement, express or implied, for employment for any specific period of time, or to make any agreement for employment other than at-will; only the president has the authority to make any such agreement and then only in writing signed by the president.

I understand and agree that nothing in the employee handbook creates or is intended to create a promise or representation of continued employment and that employment at the Company is employment at-will; employment may be terminated at the will of either the Company or myself. My signature below certifies that I understand that the foregoing agreement on at-will status is the sole and entire agreement between the Company and myself concerning the duration of my employment and the circumstances under which my employment may be terminated. It supersedes all prior agreements, understandings and representations concerning my employment with the Company.

Employee's Signature _____ Date 8-22-05

Supervisor's Signature_____ Date_____

- I have read, understand and agree to comply fully with Unlawful Harassment and Discrimination Policies.

Employee's Signature _____ Date _____

Supervisor's Signature _____ Date _____

- I have read, understand and agree to comply fully with the Arbitration Agreements.

Employee's Signature _____ Date _____

Supervisor's Signature _____ Date _____

- I have read, understand and agree to comply fully with the Meal and Rest Break Policy.

Employee's Signature _____ Date _____

Supervisor's Signature _____ Date _____

**Please sign and return this statement to Human Resources.**

2

## <u>DECLARATION OF JANINE S. MCMILLION</u>

I, JANINE S. MCMILLION , declare as follows:

I have personal knowledge of the facts set forth herein, and if called as a witness would and could testify thereto.

1.      I am an attorney duly licensed to practice before all of the courts of the State of California and am admitted to practice before this Court.  I am a Partner with the law firm of McMillion & Hirtensteiner, LLP, and am one of the attorneys representing S.B. Restaurant, Co. in the above-captioned lawsuit filed by Julio Ramirez.   I make this Declaration in support of Defendant's Motion to Compel Arbitration.

2.      On or about March 4, 2008, while in the offices of Plaintiff's counsel I attempted to discuss the arbitration agreement and request a submission to binding arbitration.  While we did not have the arbitration agreement present the signed acknowledgement was made available to Plaintiff's Counsel.  Plaintiff's Counsel was not willing to address the issue until I returned to my office in Southern California and send him a copy of the arbitration agreement.

3.      I subsequently sent a copy of the arbitration agreement as well as the acknowledgement of the agreement signed by the plaintiff.  Plaintiff's counsel was given until March 7, 2008 in which to respond.  No call or correspondence was received by that date.

I declare under penalty of perjury pursuant to the laws of the State of California and the United States of America that the foregoing is true and correct.

This declaration was executed this 10th day of March at Huntington Beach, California.

JANINE MCMILLION

-10-

1

## PROOF OF SERVICE

2

3

STATE OF CALIFORNIA                    )
                                                        )
COUNTY OF ORANGE                       )

4

5

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 16835 Algonquin, Suite 303, Huntington Beach, CA  92649.

6

7

    On March 10, 2008, I caused to be served the foregoing documents described as:

8

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope as follows:

9

10

11

12

| **DEFENDANT S.B. RESTAURANT, CO.'S MOTION  TOCOMPEL PLAINTIFF TO SUBMITMATTER TO BINDING ARBITRATION AND TO STAY JUDICIAL PROCEEDINGS** | |
|---|---|

13

[ X ]    **By MAIL** addressed as follows:

14

15

MICHAEL HERRICK
LAW OFFICES OF MICHAEL HERRICK
1750 Montgomery Street, Suite 1104
San Francisco, CA  94111-1063

16

17

**Attorneys for Plaintiff Shenay Lowe**

18

    [ X ]    **STATE** - I am "readily familiar" with McMILLION & HIRTENSTEINER, LLP. practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thiseon fully prepaid at Huntington Beach, California, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter is more than one (1) day after date of deposit for mailing in affidavit.

19

20

21

22

    [ ]    **FEDERAL** - I deposited such envelope in the U.S. Mail at Huntington Beach, California, with postage thiseon fully prepaid.

23

[ ]    **By EXPRESS MAIL** as follows: I caused such envelope to be deposited in the U.S. Mail at Huntington Beach, California.  The envelope was mailed with Express Mail postage thiseon fully prepaid.

24

25

[ ]    **By CERTIFIED MAIL** as follows: I am "readily familiar" with McMillion & Hirtensteiner, LLP's practice for the collection and processing of correspondence for mailing with the United States Postal Service; such envelope will be deposited with the United States Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified United States Mail, Return Receipt Requested, on the above date according to McMillion & Hirtensteiner's ordinary business practice.

26

27

28

-11-

1

2  [ ]  **By PERSONAL SERVICE** as follows: I caused a copy of such envelope to be delivered by hand to the offices of the addressee(s) between the hours of 9:00 a.m. and 5:00 p.m.

3

4  [ ]  **By OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee(s). The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

5

6

7  [ ]  **By FACSIMILE** as follows: I caused such documents to be transmitted to the telephone number of the addressee(s) listed below, by use of facsimile machine telephone number (714) 377-0035. The facsimile machine used complied with *California Rules of Court*, Rule 2004 and no error was reported by the machine. Pursuant to *California Rules of Court*, Rule 2006(d), a transmission record of the transmission was printed.

8

9

10  [ x ]  **BY ELECTRONIC TRANSMISSION:** The document(s) was transmitted electronically on this date, to the designated electronic address(es) listed above.

11  [ ]  **FOR REPLY OR OPPOSITION PAPERS:** The foregoing Reply or Opposition papers were also transmitted to the telephone number of the addressee(s) listed above, by use of facsimile machine telephone number (866)707-0282, consistent with the provisions of CAL. CIV. PROC. CODE Sections 1010, 1011, 1012, and 1013, and said transmission was reasonably calculated to ensure delivery to all othis interested parties to the within action not later than the close of the next business day after the date the foregoing Reply or Opposition papers were filed, pursuant to CAL. CIV. PROC. CODE Section1005(b). The facsimile machine used complied with *California Rules of Court*, Rule 2004, no error was reported by the machine, and a transmission record of the transmission was printed.

12

13

14

15

16  [X]  **STATE** - I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

17

18  [ ]  **FEDERAL** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

19  Executed on March 10, 2008 at Huntington Beach, California.

20  \_\_\_\_Janine McMillion\_\_\_\_          _____
        **Type or Print Name**                    **Signature**

21

22

23

24

25

26

27

28

DEFENDANT S.B. RESTAURANT, CO.'S MOTION TO COMPEL PLAINTIFF TO SUBMIT MATTER TO BINDING ARBITRATION AND TO STAY JUDICIAL PROCEEDINGS